IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:23-cr-00126-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Terry L Dawkins, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's pro se motions to reduce sentence. ECF Nos. 38, 42.

In 2006, Defendant was indicted in the Eastern District of Tennessee. ECF No. 1; *see also United States v. Dawkins*, CR/A No. 2:06-cr-020-3, ECF Nos. 9 (June 13, 2006). In 2008, Defendant was sentenced to 180 months of imprisonment to be following by five years of supervised release. *Dawkins*, CR/A No. 2:06-cr-020-3, ECF No. 382 (Mar. 5, 2008). His case was then transferred to the District of South Carolina on February 27, 2023. *Id.* At the time of the transfer of his case, Defendant had already been released from prison and was on supervised release. *Id.* Defendant's five-year term of supervised release began on October 11, 2019, and was set to end on October 10, 2024. *Id.* However, Defendant violated the terms of his supervised release prior to the conclusion of his release term and admitted to doing so at his July 22, 2024, hearing on revocation of supervised release. ECF Nos. 36; 37 at 1. Based on the admitted violations, the Court revoked Defendant's supervised release and Defendant was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six months and,

upon his release from imprisonment, Defendant was to be placed on supervised release for a term of nine months.  ECF No. 37 at 2–3.

Defendant has now filed two motions, characterized as motions to reduce his sentence pursuant to 18 U.S.C. § 3582, challenging both his underlying sentence and this Court's subsequent revocation of supervised release.  ECF Nos. 38, 42.  Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if the "court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction" and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and if the 18 U.S.C. § 3553(a) sentencing factors merit a reduction.  18 U.S.C. § 3582(c)(1)(A).  Defendant contends that he is entitled to relief from the Court's revocation sentence and supervised release term in the form of a reduction because there have been retroactive amendments that affected his initial, underlying sentence imposed by the Eastern District of Tennessee.  ECF Nos. 38 at 4–5; 42 at 3.  Specifically, Defendant argues that because the guidelines on underlying drug offenses used in calculating his original sentence have decreased, his revocation sentence as imposed by this Court is in excess of the maximum allowed by the guidelines and should therefore be reduced.  ECF Nos. 38 at 5–6; 42 at 3–4.  Additionally, Defendant asks the Court to consider the excess time he served for his underlying sentence and apply such time to his current revocation sentence.  ECF Nos. 38 at 5–6; 42 at 3–4.

First, the Court declines to address the validity of Defendant's underlying sentence.  The Fourth Circuit has previously rejected the same argument Defendant makes now, finding that "[a] supervised release revocation hearing is not a proper forum for testing

2

the validity of an underlying sentence or conviction." *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). As explained by the Fourth Circuit in *Sanchez*,

> Congress has provided a detailed roadmap to guide federal defendants who wish to contest the validity of their convictions or sentences. First, the defendant may appeal as of right to the court of appeals. *See* Fed. R. App. P. 4(b). If unsuccessful, he may petition the Supreme Court. *See* 28 U.S.C. § 1254(1). Should direct appeal prove futile, the defendant may attack his sentence collaterally under 28 U.S.C. § 2255. That provision, which was carefully designed to strike the balance between preserving finality and ensuring justice under law, sets forth meticulous rules governing such challenges. Unless a conviction or sentence is successfully challenged and overturned through this process, it is valid, and it stands.

*Id.* Defendant does not contend that he overturned his sentence through these designated channels. *See* ECF Nos. 38, 42. Indeed, his conviction and sentence were affirmed on direct appeal, and he was denied the relief he sought under § 2255. *See Dawkins*, CR/A No. 2:06-cr-020-3, ECF No. 451 (Oct. 27, 2009); *Dawkins*, CR/A No. 2:06-cr-020-3, ECF No. 561 (June 23, 2014). Defendant's sentence therefore remains valid. Accordingly, the Court lacks jurisdiction to consider the constitutionality of the underlying sentence imposed by the Eastern District of Tennessee, and Defendant's underlying sentence of 180 months of imprisonment to be followed by five years of supervised release stands.

Second, the Court finds Defendant's revocation of supervised release was reasonable and the length of imprisonment and subsequent supervised release imposed pursuant revocation was also reasonable. As an initial matter, Defendant admitted he violated the terms of his supervised release and makes no argument that revocation was improper. ECF Nos. 36, 37, 38, 42. Further, Defendant does not argue that the guideline range was incorrect or that this Court's sentence was improper pursuant to the applicable

statutory or guideline provisions.  *See* ECF Nos. 38, 42.  Instead, Defendant focuses his arguments on the term of imprisonment and supervised release imposed by the Court.  *See id*.  The Court finds the term of Defendant's revocation to be consistent with the guidelines and applicable statutes.  18 U.S.C. § 3583(h) provides that when a new term of supervised release is imposed "after imprisonment" upon revocation, that term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation."  *See also United States Sentencing Guidelines* ("U.S.S.G.") § 7B1.3(g)(2) (same).  Applying § 3583(h), Defendant's original term of supervised release authorized a five-year term of supervised release.  Defendant's revocation sentence, including both his six-month term of imprisonment and his nine-month term of supervised release, does not exceed this limit.  It, therefore, does not exceed the term "authorized by statute."

Moreover, the Court is unpersuaded by Defendant's arguments that the term of imprisonment and supervised release imposed was unreasonable because they exceed the term authorized by statute for the original offense.  Defendant's argument that the term of supervised release from his original sentence would include a maximum supervised release term of three years if Defendant were to be sentenced now does not change the Court's analysis.[1]  Again, the linchpin of Defendant's argument is that his original sentence was unconstitutional.  But as the Fourth Circuit has explained, such challenges may not be raised in revocation proceedings.  *Sanchez*, 891 F.3d at 538.

---

[1] The Court notes that even if a three-year supervised release term were applicable, Defendant's six-month term of imprisonment and his nine-month term of supervised release would not exceed this limit.

4

Because Defendant's original sentence has not been invalidated through the congressionally prescribed process, it remains binding in his revocation proceeding. *Id.* Furthermore, Defendant's argument that additional supervision is unnecessary and unjustified because he has already served "extra time" in prison under his original sentence (which he essentially suggests should be credited to his revocation sentence) is yet another attempt to attack the original sentence. The Supreme Court has held that "excess time served in prison" on a sentence later invalidated does not serve to reduce a defendant's term of supervised release. *United States v. Johnson*, 529 U.S. 53, 60 (2000); *see also Sanchez*, 891 F.3d at 538.

Because the Court finds no basis for a reduction in sentence, the Court finds it unnecessary to address Defendant's arguments as to the sentencing factors under § 3353(a). Nevertheless, in an abundance of caution, the Court will do so, and finds that even if Defendant had demonstrated a basis for a reduction in his sentence, the § 3353(a) factors would weigh against his early release or early termination of supervised release. With respect to the § 3353(a) factors, Defendant cites to his entrance into a 12-week non-residential drug program with intensive living arrangements as well as enrollment in other substance abuse treatment programs,[2] his enrollment in college level course and other classes, his employment in and out of prison, and the care of his children, including a premature child with intensive healthcare needs. ECF Nos. 38 at 67; 42 at.4. He also states he is infraction free. ECF No. 42 at 4. However, due to the nature of Defendant's

---

[2] It is unclear whether Defendant has enrolled in a new drug treatment program since his imprisonment or if the programs Defendant references as support for reducing his sentence or term of supervised release under the § 3553(a) factors are the very same programs that he failed to complete as part of his original term of supervised release.

5

underlying offense and his recent revocation based upon his repeated positive drug tests and failure to complete substance abuse treatment, the Court finds Defendant would benefit from additional time in custody and on supervised release. Therefore, even if the Court were to find an extraordinary and compelling reason for early release, its consideration of the applicable § 3553(a) factors would preclude any decision to grant relief pursuant to § 3582(c)(1)(A)(i).

For the foregoing reasons, Defendant's Motions for Sentence Reduction [38, 42] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 18, 2024
Spartanburg, South Carolina